993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Page WELLCOME; Page Wellcome, Professional Service Corp.,
Plaintiffs-Appellants,
v.
The HOME INSURANCE COMPANY, Defendant-Appellee.
 No. 91-35218.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1992.*
Submission Withdrawn Aug. 7, 1992.
Resubmitted May 5, 1993.
Decided May 24, 1993.
 
 1
 Before: FARRIS, NORRIS, and KOZINSKI, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Page Wellcome, a Montana attorney, appeals the award of summary judgment to Home Insurance Co. (Home), his professional liability carrier, in his diversity action against it for refusing to provide coverage for court-imposed sanctions. The district court, applying Montana law, held that Home's coverage of Wellcome did not extend to court-imposed sanctions because the policy excluded "fines or statutory penalties imposed by law or otherwise." We affirm.
 
 
 4
 * Wellcome argues that the district court erred in rejecting his two alternative arguments: (1) that the term "fine" in the policy was ambiguous and, therefore, should be construed against Home; and (2) that coverage should be required under the "reasonable expectations" doctrine.
 
 
 5
 Because no clear controlling precedent in Montana judicial decisions existed on questions determinative of this case, the panel certified the following two questions of law to the Montana Supreme Court:
 
 
 6
 1. First, was there ambiguity in the contract language that should be construed against Home to require it to provide coverage for the sanctions imposed against Wellcome?
 
 
 7
 2. Second, does the doctrine of reasonable expectations require Home to provide coverage for the sanctions imposed against Wellcome?
 
 
 8
 On April 14, 1993, we received an opinion from the Montana Supreme Court, answering "no" to both of these questions. Accordingly, the district court properly rejected both of Wellcome's arguments concerning coverage.
 
 
 9
 Finally, we agree with the district court that the policy did not require Home to pay Wellcome's defense costs in connection with the sanctions. The coverage section of the policy provides in pertinent part: "With respect to the insurance afforded by this policy, the Company shall defend any claim against the insured ... seeking damages to which this insurance applies...." ER 1, Policy at 3. Because the sanctions are not "damages to which this insurance applies," Home had no duty to defend.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3